

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 25, 1959

Hon. E. E. Coons
County Attorney
Sherman County
Stratford, Texas

Opinion No. WW-709

Re: Proper disposition of
unclaimed real estate
within six months after
the settlement of the
final account of an
administrator.

Dear Mr. Coons:

We quote the following excerpt from your letter
requesting that we advise you on the above captioned matter:

"Administration on the Estate of R. F. Frei,
Deceased, has been pending in the County Court of
Sherman County. Texas, since April 9, 1956. Mr.
Frei died intestate and we have been unable to
locate any heirs. His estate consisted of 800
acres of land in Sherman County on 640 of which
minerals had been reserved on one-half, and cer-
tain personal property. The debts have been paid
and the Federal Estate Tax has been paid and the
estate is nearly ready to close. W. T. Crabtree
whose address is Texhoma, Texas, is administrator
of the estate and is about ready to file his final
account."

You state that there are no known heirs and that in
all probability there will.be no one to claim the land or
money remaining on hand. You are not concerned about the
disposition of any money which may remain or with the admin-
istrator's authority to dispose of personal property, under
proper court order, being of the opinion that Section 427 of
the Probate Code is applicable. We are in accord with this
conclusion. However, you request that we advise you as to
whether under said section the administrator under proper
court order would be authorized to sell the real property and
dispose of the proceeds in accordance with the applicable
sections of Chapter X of the Probate Code.

Section 427 of the Probate Code reads as follows:

"If any person entitled to a portion of an
estate, except a resident minor without a guard-
ian, shall not demand his portion from the

executor or administrator within six months
after an order of court approving the report of
commissioners of partition, or within six months
after the settlement of the final account of an
executor or administrator, as the case may be,
the court by written order shall require the ex-
ecutor or administrator to pay so much of said
portion as is in money to the State Treasurer;
and such portion as is in other property he shall
order the executor or administrator to sell on
such terms as the court thinks best, and, when
the proceeds of such sale are collected, the
court shall order the same to be paid to the
State Treasurer, in all such cases allowing the
executor or administrator reasonable compensation
for his services." (Emphasis supplied.)

We think that the portion of Section 427 pertaining
to court orders requiring an administrator to sell on such
terms as the court thinks best "other property" comprises all
kinds of property, real as well as personal; and that when
such sale has been duly ordered in the instant case, the
administrator will then properly proceed, pursuant to further
court order, to pay the proceeds of the sale to the State
Treasurer who will deposit such proceeds in his Settlement of
Estates Fund.  See Manion v. Lockhart, 131 Tex. 175, 114 S.W.
2d 216 (1938) and Att'y. Gen. Op. O-3033.

## SUMMARY

Pursuant to proper court orders within
six months after the settlement of his final
account, an administrator should sell un-
claimed real property and transmit the pro-
ceeds of such sale to the State Treasurer.
Secs. 427, 430, Probate Code, V.A.C.S.

Very truly yours,

WILL WILSON
Attorney General

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman        By _Marietta M. McGregor Payne_
                                   Marietta McGregor/Payne
Wm. T. Blackburn                   Assistant
Marvin R. Sentell
Wm. D. Armstrong                   MMP:bct

REVIEWED FOR THE ATTORNEY GENERAL:
By: W. V. Geppert